**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

**BUCKEYE RETIREMENT CO.,
LLC, LTD.,**

    **Appellant,**

vs.                                                                           **Case No.: 3:07-cv-202-J-16**

**GREGORY K. CREWS, Trustee,**

    **Appellee.**
_____/

**ORDER**

This matter is before the Court on Appellee's, Gregory K. Crews, Trustee (the "Trustee"), Motion to Dismiss Appeal as Moot (the Motion")(Dkt. 5) and Appellant's, Buckeye Retirement Company, LLC, Ltd. ("Buckeye"), Response in Opposition (Dkt. 11). For the reasons that follow, the Motion (Dkt. 5) is **GRANTED**.

    **I.**     **Factual and Procedural History**

On October 3, 2005, Peter R. Osterman, Jr. ("Debtor") filed a Chapter 7 Bankruptcy petition (the "Petition"), Case No. 3:05-bk-11381-3P7. This filing was initiated because of a lawsuit brought by Buckeye, Debtor's only creditor. On the Schedule C filed with the Petition, Debtor claimed certain assets as exempt. In February 2006, the Trustee filed an objection to some of the claimed exemptions and also filed an avoidance action against Debtor, as well as a complaint against Debtor seeking to avoid fraudulent transfer(s) under 11 U.S.C. §§ 544 and 727(a)(2)and Fla. Stat. § 726. Buckeye also filed an adversary complaint against Debtor seeking a denial of discharge under 11 U.S.C. § 727.

The Trustee's objection to exemptions focused on claims made by Debtor that certain

personal property was exempt from the claims of creditors. The avoidance action centered primarily on the transfer by Debtor of his interest in two entities to his wife. The discharge action sought to establish that debtor took actions with intent to defraud his creditors after becoming aware of claims against him relating to his personal guaranty of the obligations of a corporation that he previously owned and operated. The guaranty was the basis for Buckeye's claims.

On September 8, 2006, the Trustee filed a notice of intent to compromise claims and sell property of the bankruptcy estate. Under the proposed settlement, Debtor would pay $50,000.00 in exchange for the Trustee's agreement to withdraw his objections to exemptions, dismiss the discharge and avoidance adversaries in the bankruptcy case and provide Debtor with a release. Part of the $50,000.00, specifically $5,500.00 was to be used to purchase the bankruptcy estate's interest in certain property. The remainder, $45,500.00 (sp) was in full settlement of all claims of the bankruptcy estate. Buckeye objected to the notice of intent on the basis that the compromise was not fair and reasonable. A hearing was held on November 3, 2006, during which the bankruptcy court entered an order approving the compromise between Debtor and the Trustee and overruling Buckeye's objection (the "Order"). On November 16, 2006, Buckeye filed a Notice of Appeal.

On December 7, 2006, the Trustee sent Buckeye a letter stating that because Buckeye failed to file a stay pending appeal, the Order was effective. Buckeye sent a return letter to the Trustee requesting that the consummation of the settlement await the appeal. On December 14, 2006, the Trustee sent Buckeye another letter stating that there was no legal authority to the contrary that a settlement agreement approved by the bankruptcy court could not be consummated where an appeal has been taken, but no stay obtained. After receipt of this letter, Buckeye still did not seek a stay pending appeal.

On December 29, 2006, the Trustee received the $50,000.00 payment from Debtor pursuant to the settlement agreement and subsequently filed a notice of withdrawal of his objections to Debtor's exemptions and stipulations dismissing the avoidance and discharge complaints.

**II.     Standard of Review**

Article III of the United States Constitution limits the jurisdiction of federal courts to actual cases or controversies. U.S. Const. art. III, § 2, cl.1.  The doctrine of mootness "derive[s] from this limitation because an action that is moot cannot be characterized as an active case or controversy." Adler v. Duval County Sch. Bd., 112 F.3d 1475, 1477 (11th Cir. 1997).  "A case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." Id. (quoting Powell v. McCormack, 395 U.S. 486, 496 (1969)). Where "events subsequent to the commencement of a lawsuit create a situation where the court can no longer give the plaintiff meaningful relief," the case is moot and should be dismissed.  Jews for Jesus, Inc. v. Hillsborough County Aviation Auth., 162 F.3d 627, 629 (11th Cir. 1998).

An appeal may be dismissed as moot if the reorganization plan has been so substantially consummated that effective relief is no longer available to appellants. In re Seidler, 44 F.3d 945, 947 (11 th Cir. 1997); In re Club Assocs., 956 F.2d , 1069 (11th Cir. 1992); Miami Center Ltd. P'ship v. Bank of N.Y., 820 F.2d 376, 379 (11th Cir. 1987). "Substantial consummation" is defined at 11 U.S.C. § 1101(2).  Substantial consummation by itself is not determinative, since a court must still consider all the circumstances of a case to decide whether effective relief may be granted.  In re Club Assocs., 956 F.2d at 1069.  This is a case-by-case determination  Miami Center Ltd. P'ship., 820 F.2d at 379, in which the court strikes a balance between the equitable circumstances of finality and good faith reliance on a judgment and the competing interests that underlie the right of a party

to seek review of an adverse bankruptcy court order. In re Club Assocs., 956 F.2d at 1069. The failure to obtain a stay does not necessarily render an appeal moot, but is a factor to be considered in the balancing. In re Seidler, 44 F.3d at 948; In re Club Assocs., 956 F.2d at 1070.

### III. Discussion

The Trustee argues that Buckeye's appeal is moot because the terms of the settlement agreement have been effectuated and Buckeye was given an opportunity to request a stay and failed to avail themselves of that opportunity.

Buckeye responds that the settlement agreement between the Trustee and Debtor is not so "substantially consummated" that effective appellate relief is no longer available. Buckeye further argues that "in support of this contention, the Trustee relies on a line of cases where appeals have been dismissed as moot given substantial consummation and third party reliance." (Dkt. 11 at p. 5). Buckeye claims that the facts of this case can be distinguished from the above type of cases. First, Buckeye claims the parties can be put back into the legal position they held before the Order was entered and the settlement was finalized. Buckeye bases this conclusion on the facts that the $50,000.00 remains in the Trustees bank account and the properties at issue remain in the possession of the Debtor. Second, Buckeye claims that third party reliance is not present in this case because Buckeye is Debtor's only creditor.

Having reviewed the parties' arguments, the Court finds that although this is a case in which it might be possible to put the parties back in the legal position they held before the settlement agreement was finalized, this is not a case that warrants such intervention by the Court. This decision is based on two interrelated facts. First, Buckeye was given advance notice by the Trustee of his intent to effectuate the terms of the settlement agreement and still failed to request a stay.

4

Second, Buckeye's decision not to seek a stay was based in part of trial strategy. Buckeye notes in the Response that its decision "not to seek an appeal was premised, in part, on its concerns that seeking a stay based on its challenge to the bankruptcy court's ruling on the compromise would adversely [have an] impact [on] the discharge action being heard at the same time by the same judge." (Dkt. 11 at p. 8).

In not seeking a stay of the settlement agreement pending appeal, Buckeye made a calculated but ultimately poor tactical choice - one with which it must now live. The Court will not undue the terms of an effectuated settlement agreement simply to provide Buckeye with the legal equivalent of a "mulligan."[1]

**IV.** **Conclusion**

For the reasons cited above, the Motion (Dkt. 5) is **GRANTED**. This appeal is hereby **DISMISSED AS MOOT** and the Clerk is directed to close this case.

Copies to:   Counsel of record

_____
JOHN H. MOORE II
United States District Judge

---

[1] Merriam-Webster Dictionary on-line version defines a mulligan as a "free shot sometimes given a golfer in informal play when the previous shot was poorly played." See http://www.m-w.com/dictionary /mulligan.